# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11cv191-RLV

| | |
|---|---|
| **RUBEN SANCHEZ-GUZMAN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| Vs. ) | **30-DAY ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1); and on Petitioner's "Motion for Transcripts at Government Expense." (Doc. No. 2).

The Court has conducted an initial screening of the petition under Rule 4(b) and finds, as follows: (1) the petition has been signed under penalty of perjury, Rule 2(b)(5), 28 U.S.C.A. foll. § 2255; (2) Petitioner has provided *indicia* that the petition was filed within one year of *certiorari* being denied by the United States Supreme Court, § 2255(f); and (3) Petitioner has asserted claims that may be cognizable under § 2255(a). Upon consideration of the motion and the record of prior proceedings, the Court determines that the United States Attorney should file a response to Petitioner's allegations. Id. Specifically, the Court finds[1]

---

[1] In setting forth such claim under Rule 4(b), the Court takes no position as to whether such claim is properly alleged or would survive review under Rule 12(b)(6) or Rule 56.

that the following claim has been raised:

> (1) Whether trial and appellate counsel provided ineffective assistance of counsel when counsel used the wrong law concerning Fed. R. Evid. 403 and 404(b), where Petitioner was not a prior felon; and whether trial attorney McIntyre's ineffectiveness proved fatal to Petitioner's pre-trial motion concerning 403 and 406(b) extrinsic act evidence, where an unrelated gun case was introduced, causing substantial prejudice by allowing the admission of evidence that prove[d] fatal and had little probable value and outweighed such by causing undue prejudice.[2]

The Court will direct that the United States file an Answer or other responsive pleading in this case within thirty (30) days.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion for Transcripts at Government Expense (Trial Transcripts, all pretrial motions and sentencing transcripts along with docketing sheet)" is **GRANTED** to the extent that the Clerk is directed to mail to Petitioner copies of the following transcripts from the docket in Petitioner's related criminal case, docket no. 5:08-cr-10: 213; 215; 216; 217; 218; 219 (Doc. No. 2). The Clerk is also directed to mail Petitioner a copy of the docket sheet in docket no. 5:08-cr-10.

2. no later than thirty (30) days, the United States Attorney shall file an Answer or other responsive pleading to Petitioner's Motion to Vacate, Set Aside, or

---

[2] The Court has paraphrased Petitioner's Ground One.

-2-

Case 5:11-cv-00191-RLV   Document 3   Filed 05/29/12   Page 2 of 3

Correct Sentence, detailing and responding to Petitioner's allegations.

Signed: May 29, 2012

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge

-3-