# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11cv191-RLV

| | |
|---|---|
| **RUBEN SANCHEZ-GUZMAN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| Vs. ) | **30-DAY ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1); and on Petitioner's "Motion for Transcripts at Government Expense." (Doc. No. 2).

The Court has conducted an initial screening of the petition under Rule 4(b) and finds, as follows: (1) the petition has been signed under penalty of perjury, Rule 2(b)(5), 28 U.S.C.A. foll. § 2255; (2) Petitioner has provided *indicia* that the petition was filed within one year of *certiorari* being denied by the United States Supreme Court, § 2255(f); and (3) Petitioner has asserted claims that may be cognizable under § 2255(a). Upon consideration of the motion and the record of prior proceedings, the Court determines that the United States Attorney should file a response to Petitioner's allegations. Id. Specifically, the Court finds[1]

---

[1] In setting forth such claim under Rule 4(b), the Court takes no position as to whether such claim is properly alleged or would survive review under Rule 12(b)(6) or Rule 56.

-1-

that the following claim has been raised:

(1) Whether trial and appellate counsel provided ineffective assistance of counsel when counsel used the wrong law concerning Fed. R. Evid. 403 and 404(b), where Petitioner was not a prior felon; and whether trial attorney McIntyre's ineffectiveness proved fatal to Petitioner's pre-trial motion concerning 403 and 406(b) extrinsic act evidence, where an unrelated gun case was introduced, causing substantial prejudice by allowing the admission of evidence that prove[d] fatal and had little probable value and outweighed such by causing undue prejudice.[2]

The Court will direct that the United States file an Answer or other responsive pleading in this case within thirty (30) days.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion for Transcripts at Government Expense (Trial Transcripts, all pretrial motions and sentencing transcripts along with docketing sheet)" is **GRANTED** to the extent that the Clerk is directed to mail to Petitioner copies of the following transcripts from the docket in Petitioner's related criminal case, docket no. 5:08-cr-10: 213; 215; 216; 217; 218; 219 (Doc. No. 2). The Clerk is also directed to mail Petitioner a copy of the docket sheet in docket no. 5:08-cr-10.

2. no later than thirty (30) days, the United States Attorney shall file an Answer or other responsive pleading to Petitioner's Motion to Vacate, Set Aside, or

---

[2] The Court has paraphrased Petitioner's Ground One.

Correct Sentence, detailing and responding to Petitioner's allegations.

Signed: May 29, 2012

Richard L. Voorhees
United States District Judge